We have two cases before the Court this morning on oral argument. The first case is Sarif Biomedical, LLC v. Brainlab, 17-1103. Mr. Campbell, you're reserving five minutes of your time for rebuttal, is that correct? Yes, Your Honor. All right. You may proceed, sir. Good morning, and may it please the Court. This is a case that never should have been brought. When Saraf bought the 725 patent, it should have known at that time that the specification conflicts with the claim. In the blue brief at 48 and 49, you argue that Sarif's expert disagreed with all the constructions Sarif proposed to either the District Court or the PTAB, and you cited us at JA 893 without any further explanation. Tell me what part of that page shows the expert disagrees with those constructions. Well, Your Honor, the thrust of Dr. Filler, the expert's testimony, and you said that was 893? That's what you cited me to. Yes. And I had a little marginal note, so I don't know. Line 4 through 7. Basically, Sarif argued at the claim construction hearing that the structure that corresponds to the function of element E was a pair of cameras and the steps, the algorithms of 2, 3, and 4. Dr. Filler said, agreed with that, plus he also said you needed to have step 1 in there, that you needed to have real-time correction, and you needed to have a feedback mechanism. So he had three additional elements to what Sarif had, and that's what brought the Court to ask which construction should I rely upon, what Sarif had said or what Filler had said. Okay. Okay? That helps me, yeah. Maybe I could have explained that better. If Sarif didn't understand when it first did its pre-suit investigation, that he's Let me follow up with, on this one. Please. Why is it inherently inconsistent with the construction where Sarif argues, in their break, the algorithms are one of the supporting structures? I'm sorry. Okay. Sarif argues, in response to that, that the algorithms are one of the supporting structures. Yes. Sarif argues that the algorithms 2, 3, and 4, steps 2, 3, and 4, are the structure along with the cameras that go along with the function. Okay. Now, first off, we know that can't work because there's no computer in there. It conflicts with what Filler said, at least to the extent that Sarif explains in its brief on appeal. They said Filler had steps 1, 2, 3, 4, and a computer, feedback mechanism, and the cameras. Now, that's definitely in conflict with what they propose here because they propose no computer and just those cameras, just the means for determining. Dr. Filler thought you needed a computer also, apparently, to run the algorithms. So those conflict. And, in fact, all of those structures conflict with the structure that they advocated at the PTAB. At the PTAB, they said it should be a computer running the algorithm of step 4. As soon as they got back to the district court, they changed that. They didn't argue that the PTAB was wrong. What they said is our, I guess, claim construction was wrong. And instead of having a computer and just the algorithm of step 4, then it should be the cameras and just step 2. And then they continued to add things along the way. But the problem wasn't the claim construction. There's no claim construction that could have ever saved this case because the specification which said that the means for determining are a pair of cameras and element E said it was something different. It said it had to be this image database. Let me take you from the specifics to 90,000 feet. Yes. And that is, in the blue brief at 52, you indicate that serious counsel may be involved in abusive litigation practices. And you did that by highlighting the high number of cases in which he was attorney of record in the District of Delaware as compared to the overall number of PTAB cases. Why didn't you file Rule 11 sanctions? We did not file Rule 11 sanctions, at least to start, because this does turn. Or 1927. What's that? Or section 1927. Or 1927. We mentioned in the brief, in our brief to the district court in 1927, and the district court didn't address 1927. We didn't file Rule 11 sanctions or file a motion for Rule 11 sanctions immediately because this is a means plus function clause, and it does turn to some extent on claim construction. We believe that just from the beginning, that claim construction would quickly reveal that there's that conflict. But since it does in some fashion require the court to construe the claim, we thought it would be better to wait until we had the claim construction, which the court had already scheduled at that time. So that's the reason there was no Rule 11. But 285, at least since the Supreme Court in Octane, completely covers any of that conduct anyway. It seems to be even a broader standard. So 285 seemed to be the best way to address this, which is what we did before the district court and what we urged this court to do here. Now, everything about this case has the hallmarks of an exceptional case, one that stands out from others. The specification conflicts with the claims. They're insoluble, just like the PTAB found. Even the structure of element E, the function, is nonsensical. The third thing is once they, then they got a caution, they got a warning from the PTAB that the claim is insoluble, that they can't do anything more. And in fact, the PTAB just didn't look at Sarah's construction and say that's wrong. It failed to find any structure in the patent that could support the function of element E. So that's the third thing. The fourth thing is their expert disagreed with their construction. And the fifth thing is if they had some kind of good faith basis, it was incumbent upon them to produce that opinion. The pre-suit investigation, the opinion they got after the PTAB said the claims were indefinite, but they refused to do so. Instead, they came up with a declaration of their lead counsel that says, yeah, we did everything. We were good. But we could have come up with our own declaration that said they had bad faith. So it's just not evidence to support good faith. And that seems to be where the district court went astray. The district court didn't realize, apparently, that this claim was invalid from the start, that it conflicted with the spec. So therefore, apparently, it believed that even though we had a PTAB ruling that the claim was indefinite, it had a different standard that it could apply. Apparently it made an error. Well, it does have a different standard it could apply, right? I mean, when the PTAB is doing claim construction, at least, it uses BRI, whereas the district court has to use the Phillips standard. Not really, because they both are constrained to follow 35 U.S.C. section 112, paragraph 6. So they both identify the function and look for structure. So whether there is a presumption of validity, whether it be broadest construction, it comes down to exactly the same thing. You identify the function, and then you look in spec for the corresponding structure. In both the district court. I assume you made all these arguments to Judge Stark, because he's in an awful lot of patent cases. I mean, you understand that we have an abusive discretion standard, right? I mean, why do you expect us to disagree with him if he's seen this litigation and considered all these arguments and rejected them? Well, because all of Judge Stark's conclusions weren't supported by the evidence. For example, he found there was a good faith basis, that Seraf had a good faith basis. He doesn't cite anything in the record to identify that. The only thing that we could come up with, and which Seraf could come up with, is that the judge must have relied upon this declaration from their counsel. But that's not evidence, because it doesn't say what the case – It's not supported. Right. It doesn't provide any support whatsoever. I'm sorry. Can you go back to your question? I seem to have skipped ahead a little bit. No, you can keep going. I think I covered it? Good. When I say it's not supported, I mean by foundational information. Right. And getting back to your question, now I remembered it. The district court also found the intrinsic evidence supported the claim construction  But we know it's exactly the opposite. The intrinsic evidence says that the structure which corresponds for the means of determining it is just those cameras and nothing else. No image database. So the intrinsic evidence actually defies their construction, and that's why along the way Seraf felt compelled to change the specification, to rewrite it to include also. So it's not just the cameras, it's also the cameras and whatever structure they tried to add in. People make these arguments all the time. I'm sorry? People make these arguments in patent cases all the time, particularly in these means plus function claims. You know, they make one argument about here's the structure, they lose, they say well maybe this is the structure, they change their claim construction arguments. I mean if we're going to award attorney fees for that, we're going to be awarding an awful lot of attorney fees. True. It would be in a lot of cases. But that's not the same thing that happened here. Here we have, from the very beginning. Didn't they dismiss their case as soon as they lost on their last claim construction argument? They moved to dismiss once they lost claim construction, once the court said the patent is invalid. Yes. But they should have done that before they even brought the case or when the PTAB came along. Just because they did it once the court finally said it's invalid, you know, that's not helping out a lot. We still incurred significant legal fees getting to that point. You seem to be arguing a lot on claim construction. Is this a case about claim construction? Only to the extent that if they had done a precinct investigation, a claim construction, they would have realized the patent was invalid from day one. Because it's insoluble. There's no way that you can look at the spec and look at claim one and find that they meet in any fashion. Because one describes the invention as one thing and one describes the invention as a wholly different thing. And that's why it's not a case about just, you know, trying to refine a claim construction. They weren't refining it. They were doing everything they could to prolong the case and hope to get a settlement. Okay, you're into your rebuttal time. Any questions? Okay. Thank you.  Thank you, Arne. May it please the court. Let's turn to that declaration of serif. Is it serif or serif? I believe it's serif, Your Honor. And you're talking about the declaration of Mark Fenster? Yeah. To support your argument that they had a good faith basis to believe limitation E was not indefinite. That's in your red brief at 8, 10, and 20. Putting aside the issue of privilege, do you contend that the declaration in its current form has evidentiary value? That is, I'm saying, do you concede it's conclusory? It is written at a high level, Your Honor. But there is nothing from the district court's opinion which actually even shows that he was required to or relied on this declaration. Wait. You're not answering my question. Yeah, it's easy. Yes or no. I do not believe it to be, I believe it to be written at a high level. I do not believe it to be evidentiary insufficient. In fact... Wait, wait. You do not believe that it's evidentiary insufficient? Correct. So you say it is not conclusory? Correct. Okay. All right, Your Honor. It's not conclusory. It establishes good faith. The district court... Wait, wait, wait, wait. Okay? Since you say it's not conclusory, please identify, pull it up in the record, and identify which portions provide sufficient facts to allow the court to conclude that Sarif conducted a pre-filing investigation of whether Limitation E was indefinite and whether it had a good faith basis to conclude that it was not indefinite.  It mentions that Sarif... Cite the record, please. This is in Appendix 64, Paragraph 2 of the Fenster Declaration. It refers to the fact that Sarif's pre-filing investigation included both attorney analysis and discussions and consultations with various technical experts. It doesn't say what the analysis was, but it does say that it consulted with experts. Jeez. That's great. What's a foundation? Foundation is a fact made with knowledge about something that occurred. Now, again, we offered to make more... Those experts were consulted. Who? What? When? Why? Where? Mr. Fenster, as lead counsel for Plaintiff Sarif Biomedical, had the knowledge to say what the pre-filing investigation consisted of. And he didn't. Or do you think he did? Your Honor, this is an evidentiary matter. Right. And the district court brain lab, in their brief, requested that the court strike this declaration. And the court did not respond to that request. Is that your answer to me? I think that the evidentiary sufficiency of this should be decided by the district court in the first instance. And the district court... So we can't review that? Tell me your authority for that statement. Of course you can review it. And if you find a conclusory, of course this court can strike it, Your Honor. But going back to my point... You can ignore it, yes. But going back to my point, the district court's order, which is at issue here, does not reference this declaration. So you're saying the district court entirely ignored it? I think a fair reading of the district court's order is that it did not rely on this declaration. I think the court says it found good faith because at each stage of the litigation, Plaintiff provided detailed arguments grounded in the intrinsic evidence in support of its proposed constructions. A fair reading of the district court's order is that it believes Sarif's arguments, through its expert testimony at the claim construction hearing, were strong enough to show that there was always a good faith in this case. I don't believe the court found it necessary to pierce the veil into the pre-filing investigation based off the strength of the arguments presented. So the board opined that claims 1 through 9 were probably indefinite and it refused to institute on those claims. Shouldn't you be precluded at this point from bringing those claims up? No, Your Honor. The PTAB lacks statutory authority to find claims invalid for indefiniteness. It issued, it found that it could not construe the claims and therefore denied an IPR, but it could not, it was statutorily precluded from finding them indefinite or invalid. Only the district court could do that. So once we had the decision, we evaluated it and we thought that the district court, applying a different, at least a factual standard, being able to weigh expert testimony, which the PTAB was not able to do, might come to a different conclusion and might support our conclusion. So setting the merits aside, just for purposes of attorney's fees, whether this is an exceptional case or not, should we look at that statement of the PTAB at all? In some circumstances, you might. But in this case, I don't think you should. Shouldn't it be part of the totality of the circumstances? It should. And the district court did look at it and say that our decision to continue the case after receiving that did not make this stand out from the others. But I would note that Brain Lab's decision to seek this IPR is very interesting in light of Mr. Campbell's statements that this patent was always objectively invalid and this case should never have been brought. They knew when bringing an IPR that an IPR could not be instituted on indefiniteness grounds. I mean, surely they don't seem to claim that their IPR was frivolous. So if they really thought this patent was... They claim your patent was frivolous. Yes. But that's what they claim. But they took the most circuitous route possible to get resolution of that issue by the court. The PTAB could not find... It was statutorily barred from finding this indefinite. Therefore, it should have been proceeded to the district court by Rule 11, by early summary judgment. I'm going to talk. Sure. I'm sorry, Your Honor. At JA-5, the district court says that Brain Lab has not demonstrated that this is a nuisance suit. The court goes on to list several factors that would typically weigh in favor of calling it a nuisance suit, including Seraf's status as a non-practicing entity and Seraf's decision to allege infringement against several other entities, and then settle those cases. What evidence or considerations did the district court cite or actually rely on that weighed against finding a nuisance suit? Well, Your Honor... We're at 5 in the record. I understand. Unlike many of the cases in which this court has expressed concern over what it refers to as predatory patent cases, I'm referring, of course, to the Rothschild decision. I'm referring to the SFA v. Newegg decision. There has been some evidence in the record as to, at the very least, the amounts of the other settlements so that the district court can weigh were these, in fact, quote-unquote, nuisance cases brought solely to get cheap settlements for less than the cost of litigation. Brain Lab did not put the evidence of those amounts into the record. Furthermore, unlike a majority of the cases, again, the briefing, and again, I'm talking about the SFA... Did you put them in? No, we did not. Then how are you relying on them? We didn't have any... We don't have the burden of persuasion on this motion, Your Honor. Brain Lab did. If Brain Lab thought that this was truly a nuisance case just to extort nuisance value settlements, it had the burden to present that evidence to the district court. They could do it without it, couldn't they? They could, but the district court decided that Brain Lab did not meet its evidentiary burden. And... But regardless, Your Honor, here, the record... You still haven't answered my question. I'm sorry, what was your question, Your Honor? What evidence or considerations did the district court cite or actually rely on that weighed against finding a nuisance suit? That Brain Lab had not met its burden by only saying that because four cases were filed and three of them settled by claim construction, that meant this was a nuisance suit. That was the evidence that the district court found insufficient. Your Honor, the other thing I'd just like to point out is you mentioned this is an abuse of discretion standard. And this is a decision written by the chief judge of Delaware, Judge Dark, who has a lot of experience with patent cases. And the fact that he reviewed this, found this case did not stand out from the others,  And should be entitled to great weight. What's your authority for that? What's my authority for what, the chief judge Dark? What you just said. The chief judge Dark has great authority. No, that it should be entitled to greater weight than any other judge. That was not what I meant to say. I just meant to say he has a... And if I said that, I apologize. Well, he has experience in patent cases and clearly has the experience to determine when one stands out from the other, which is the octane test. In your red brief at 37 and 38, you request attorney's fees and costs pursuant to FRAP 38, characterizing Brain Lab's appeal as frivolous. It looks to me like they've raised several valid concerns on appeal. Why isn't your request for fees and costs frivolous under the same rule? Your Honor, this is an issue of... And why shouldn't we sanction you under Rule 38? This is an issue of claim construction in which the district court engaged in an evidentiary hearing and heard facts from both experts. After hearing the experts testify, the district court found that while he disagreed with our positions, with Sarah's positions, that our positions were nonetheless not unreasonably weak and that the expert, who is undisputably qualified, was not unreasonably weak. So how does that make their appeal frivolous? Overturning a factual finding by a district court is always frivolous. Not always frivolous, but in this issue where the sole determination is one of claim construction and the district court engaged in a factual finding, heard live testimony in which he is the best decider of the positions that were said, and ultimately... But why in the world would you make that request? You won. You didn't get attorney's fees awarded against you. You probably should have, but you didn't. And then you turn around and ask for attorney's fees against the other side? I mean, it really undermines your case. You should think about that going forward. I mean, I don't understand how anybody rationally looks at this and say they don't have a non-frivolous argument on attorney's fees, even if they end up not prevailing. I mean, it just makes your credibility go out the door when you say their appeal is frivolous. Understood, Your Honor. We will withdraw the request for this one. Well, I didn't mean to make you withdraw the request, but just think about it. I mean, these cases are under a high standard of review. So, I mean, to say that there are arguments, even though they're not prevailing... Your Honor, the finding for frivolousness is based on, as I said, they waited until the very last instant to raise this indefiniteness under 1E. They filed an IPR, which if they truly believed the claim must be indefinite, they knew had no chance of success. And so the only way to raise this would be to have the district court make a claim of obstruction. Well, presumably they had other grounds for the IPR that would also make this patent valid if you got over the indefinite. I believe with regard to Claim 1E and the two denied that relied on it, in their IPR, this was the only grounds for... They urged, in fact, that the court construe the term so they could apply prior art to it. But they also said that it's indefinite. So, therefore, they admitted there was a reasonable argument that this claim was amenable to construction. And then they turn around an appeal and then say it's objectively invalid on its face and you should overrule the court's... You should overrule the court on the abuse of discretion standard after it made factual findings. That was the basis for our claim of frivolousness. How many angels can dance on the head of a king? Yeah. I'm not... Yeah, I know. You can't answer that question. But it's a tautological argument and it's the same thing. So let me ask you a question, Kelser. When you argue that the district court looked at the case and found it not to be exceptional, is the district court supposed to look at the cases only within the experience of that particular judge or at all of the cases in that district or all the cases within the country in order to make a determination whether this particular case is exceptional or not? Octane says it's to district court's discretion and on a case-by-case basis. And I take that to mean that the district court should only evaluate... is within its discretion if it only evaluates the cases which it has experience with. To the extent the district court should have or was required to... So if the court's never had such a case, it just can't do anything about it? No, Your Honor. Octane doesn't say patent case by patent case. It says case by case. Even a district court judge... Whose first case is a patent case. Yes, Your Honor, but even a district court judge who's never had a patent case before presumably has read briefs, heard arguments, made rulings. They have... No, no. Their first assigned case is a patent case. It just came on the bench. They're paralyzed under your theory. If they have no prior experience in any case whatsoever, in that case, it might... In that case, they might have... They might need to look for other cases. That isn't the case here with Chief Judge Stark. And furthermore, Brain Lab never gave the judge the tools with which to look outside of its own cases to the extent it thought there were some necessary. It didn't say other courts have found similar claim construction arguments like this to be unreasonable in these circumstances. In fact, it never raised these arguments to the district court at all. I see my time is expiring. Unless anyone has any further questions? No, thank you for that. Mr. Campbell? I just have a few points, Your Honor. You have 3 1⁄2 minutes. I'm sorry? 3 1⁄2 minutes. Thank you. Council mentioned the PTAB in our IPR request. We filed a request at the IPR to invalidate the claims, under 102 and 103. We succeeded on claims 9... I'm sorry, claims 10 and 11. Claims 1 through 9 were found to be indefinite. In a number of cases... What found them to be indefinite? The PTAB? Yes. The PTAB in its dicta, which doesn't mean it's wrong, said that... Did it actually analyze and find that the claims were indefinite? Yes. It analyzed claims 1 through 9 and found them to be indefinite. And said it wouldn't institute because of that. Correct. And therefore didn't institute with respect to those... But it did do 10 and 11. Yes, it did. And then they dismissed with respect to 10 and 11. Had it found that they were not indefinite? Could it have instituted all those claims? If it found that claims 1 through 9 were indefinite, or were definite, then it could have instituted because we did provide prior art, which would, we believe, have found those claims invalid under 102 and or 103. But there were a number of cases that came out. You know, IPR is still somewhat new and was even newer back then. There were a number of cases which came out which construed means plus function clauses. And in those cases, the court would... The PTAB would find whether they were valid or whether they were definite or indefinite. And so, since it was at least a threshold issue that the PTAB would have to analyze, that's why we filed the IPR because we would win if it found it indefinite or win if it found the claims to be invalid. So it wasn't a frivolous avenue by any stretch of the imagination. In fact, we won. We got what we wanted. We got claims 10 and 11 invalidated under the prior art, and we got the PTAB to say that claims 1 through 9 were indefinite, specifically on this claim 1E, which we're talking about, because it found that there was no corresponding structure anywhere in the specification. So the PTAB did look at it, looked at claims 1 through 9, found it to be indefinite, and then Sarif completely disregarded that and said it's dicta, we can ignore it. Well, it is dicta, though, isn't it? They can disregard it because the district court's not bound by it. The district court is not bound by it. The district court could have come up with an entirely different reasoning and said, I conclude that these claims are definite, right? And you wouldn't be able to argue that the district court's decision was incorrect because it was in conflict with the PTAB decision. You'd just have to show it was incorrect on the merits. No, but the PTAB decision is one thing, one objective signpost they got, which said that this unbiased observer looked at the claims and said they are indefinite. That at least should have prompted them to decide whether that claim construction by the PTAB was right or wrong. Why should they? It's not authority, it's dicta. Well, just because it's dicta doesn't mean it's wrong. That's not, dicta's not Latin for wrong. It has no binding weight, there's no authority. It doesn't have binding authority, but it does have authority in saying that a panel of patent judges looked at it. They can still argue to the district court that PTAB decision's not right. Don't pay attention to it. Here are our arguments. Listen to them. But they didn't do that. They did not argue why the PTAB was wrong. They just changed their claim construction. Well, I mean, that's implicitly arguing that they recognize the problem with their prior case and they're shifting it. I don't see anything extraordinary about that. I mean, if you think that shifting arguments in response to unfavorable rulings in the PTAB or elsewhere is exceptional, then there's going to be a lot of money awarded in fees in patent cases. But the problem is that they didn't do it based on evidence in the patent. It's not like they just refined it or slightly changed it. They came up with now six different claim constructions, some of which were contrary to the others, internally inconsistent. So it's not like they're refining it, saying, yeah, we learned a little bit from the PTAB. It didn't like when we said this, so we'll supplement that. We'll fix it. It just continued to come up with five different claim constructions solely to obfuscate the case, to make it difficult for the district court to realize that the case was invalid. I'll let you conclude. You are out of time. Do you have a... Your Honor, I have nothing else unless the court has any questions. But this case should be decided exactly the same way as the Rothschild case, Rothschild v. Guardian or Justicam v. Newegg should be reversed because the district court abused its discretion in denying fees. Thank you. Thank you.